IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNETH V. THOMAS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 16-319-NJR |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on Petitioner Kenneth Thomas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons set forth below, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2008, Kenneth Thomas was indicted along with seven other individuals on one count of conspiracy to distribute and possess with intent to distribute cocaine. *United States v. Kenneth Thomas*, SDIL Case No. 3:08-cr-30055, Doc. 1. The indictment was subsequently superseded to modify the conspiracy charge and to add a second charge. Specifically, the superseding indictment charged Thomas with conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846 (Count 1), and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) (Count 2). (Doc. 148).

Following a two day jury trial, at which he represented himself, Thomas was convicted on both Counts 1 and 2. SDIL Case No. 3:08-cr-30055, Docs. 207–209. A

presentence investigation report ("PSR") was prepared prior to sentencing. According to the PSR, Thomas's relevant conduct was based on 228.7 grams of cocaine base and 39.5 kilograms of powder cocaine. *Id.* at Doc. 255. Those figures converted to 12,474 kilograms of marijuana equivalents, which resulted in a base offense level of 34. *Id.* The PSR further indicated that a two-level enhancement for obstruction of justice was applicable because Thomas provided misleading information to the Court when he filed a letter that alleged the Government's agent planted evidence against him. *Id*. Thus, Thomas's total adjusted offense level was 36. *Id.* The PSR further concluded that Thomas had a criminal history category of IV. *Id*. Based on a total offense level of 36 and a criminal history category of IV, the guideline range for imprisonment was 262 to 327 months. *Id*.

District Judge G. Patrick Murphy adopted the PSR without change and sentenced Thomas within the guideline range to a total term of imprisonment of 300 months. *Id.* at Docs. 275, 277, 278.[1] (Thomas's sentence was reduced in February 2015 to 240 months based on Amendment 782 to the United States Sentencing Guidelines. *Id.* at Doc. 383.) On the same day he was sentenced, Thomas filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit. SDIL Case No. 3:08-cr-30055, Doc. 311; *United States v. Thomas*, 365 F. App'x 22 (7th Cir. 2010). Thomas was appointed an attorney on appeal, however, his attorney filed an *Anders*[2] brief seeking to withdraw because he believed that the appeal was frivolous. SDIL Case No. 3:08-cr-30055, Doc. 311. Thomas opposed his attorney's motion, but the Seventh Circuit granted the motion and dismissed Thomas's appeal on February 12, 2010. *Id.* The judgment of conviction became final ninety days later,

---

[1] Judge Murphy retired in December 2013. Upon Judge Murphy's retirement, Thomas's criminal case, No. 08-cr-30055-6, was initially transferred to District Judge Michael Reagan. The case was then transferred to the undersigned in November 2014. SDIL Case No. 3:08-30055, Doc. 377.
[2] *Anders v. California*, 386 U.S. 738 (1967).

on May 13, 2010, because Thomas did not file a petition for a writ of certiorari to the United States Supreme Court.³

Almost six years later, on March 23, 2016, Thomas filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court reads Thomas's motion as asserting the following arguments. First, Thomas argues that the jury was improperly instructed about the elements it had to find in order to convict him of the conspiracy charge (Count 1) and the distribution charge (Count 2). He claims that the jury should have been instructed that it had to find, beyond a reasonable doubt, that he knew the particular substance and quantity involved in his offenses. Thomas also claims that he received ineffective assistance from his appellate counsel with respect to this issue because he attempted to preserve the issue for direct appeal and asked his appellate attorney to present argument on the issue, but his attorney instead sought to withdraw from the appeal. Thomas further claims that the United States Supreme Court's 2015 decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015), affirmatively establishes that his jury was improperly instructed because, according to Thomas, *McFadden* held that knowledge of the drug type and quantity are elements of his crimes (Doc. 1-1).

Second, Thomas argues that the trial judge's findings regarding the amount of drugs attributable to him violated "his right to be sentenced in conformity with due process of law" (Doc. 1-1). Thomas appears to contend that any fact that increases the guideline sentencing range must be found by a jury (*see* Doc. 1-1). Thomas also alleges that the trial

---

³ A federal criminal conviction becomes final for purposes of calculating the one-year period in which a defendant may file a Section 2255 motion when the time expires for filing a petition for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003). A petition for a writ of certiorari must be filed within ninety days. S. Ct. R. 13.

judge's findings were "vague and indeterminate" and became further convoluted when the Court of Appeals "conflated the various substances haphazardly" (Doc. 1-1). Thomas once again claims that he received ineffective assistance from his appellate counsel with respect to this issue because he told his appellate attorney about "the confusion regarding the nature of the substances and the quantities assigned to each," but his attorney did not pursue the issue and instead sought to withdraw from the appeal (Doc. 1-1).

## DISCUSSION

28 U.S.C. § 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). It "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes that prisoners have a one-year limitations period in which to file a habeas corpus petition. 28 U.S.C. § 2255(f). Ordinarily, the one-year limitations period is governed by subsection (f)(1) and runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). *Clay v. United States*, 537 U.S. 522, 525 (2003). As previously mentioned, Thomas did not file his Section 2255 motion until almost six years after his conviction became final,

and therefore it is untimely under subsection (f)(1). Thomas argues, however, that his deadline is governed by subsection (f)(3), not (f)(1) (Doc. 1). Under subsection (f)(3), the one-year limitations period begins to run on the date the Supreme Court "initially recognized" the right asserted by the prisoner, provided that right has been made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). Thomas claims that his one-year limitations period began to run on June 18, 2015, when the Supreme Court issued its decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015).

Neither Thomas nor the Government provided any argument or explanation regarding the new constitutional right supposedly recognized by *McFadden* or why that right should be made retroactively applicable to cases on collateral review (*see* Doc. 1-1; Doc. 5). *See Welch v. United States*, 136 S. Ct. 1257, 1264 (2016) (discussing the framework for determining whether a new rule applies to cases on collateral review). Consequently, the Court will assume only for the purpose of this Order that *McFadden* did in fact recognize a new constitutional right and that right was made retroactive to cases on collateral review, thus triggering a new one-year limitations period for Thomas's claim for collateral relief that is actually based on the *McFadden* decision.

As an initial matter, the Court notes that the extended limitations period under subsection (f)(3) does not apply to Thomas's claim regarding the amount of drugs attributed to him at sentencing or the corresponding ineffective assistance claim because those claims are not based on *McFadden* or any other newly recognized right (*see* Doc. 1-1). Consequently, these claims are governed by the one-year limitation in subsection (f)(1). Because Thomas

has not alleged any grounds to toll that deadline, the Court finds that these claims are untimely. Even if the opposite were true and the claims were timely filed, they have no merit. The Seventh Circuit has repeatedly held that drug quantity findings used to calculate the Guideline sentencing range are properly made by a judge at sentencing using the preponderance standard. *See, e.g., United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015); *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014); *United States v. Garrett*, 757 F.3d 560, 574–75 (7th Cir. 2014); *United States v. Hernandez*, 731 F.3d 666, 672 (7th Cir. 2013); *United States v. Jones*, 248 F.3d 671, 676–77 (7th Cir. 2001); *Brannigan v. United States*, 249 F.3d 584, 587 (7th Cir. 2001). The Seventh Circuit also held on Thomas's direct appeal that any objection to the sentencing judge's drug-quantity calculation was frivolous. SDIL Case No. 3:08-cr-30055, Doc. 311; *United States v. Thomas*, 365 F. App'x 22, 28 (7th Cir. 2010). Consequently, Thomas has no basis for asserting his appellate attorney was ineffective for failing to raise an argument regarding the amount of drugs attributed to him at sentencing. *See, e.g., Peterson v. Douma*, 751 F.3d 524, 533 (7th Cir. 2014) ("The Sixth Amendment does not require counsel . . . to press meritless arguments before a court, and it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere.") (internal citations and quotation marks omitted); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Now back to Thomas's first claim regarding improper jury instructions. Thomas contends this claim is based on *McFadden*, and he filed his Section 2255 motion within one year of the date the *McFadden* decision was issued by the Supreme Court. Therefore, this claim appears to be timely under subsection (f)(3), at least at first blush. A review of the

*McFadden* decision makes it readily clear, however, that the decision has no impact on Thomas's conviction, and he is not entitled to any relief.

In *McFadden*, the defendant sold "bath salts," which led to his conviction for distributing controlled substance analogues and conspiracy. *McFadden v. United States*, 135 S. Ct. 2298, 2302–03 (2015). The Supreme Court was asked to determine what the Government must prove regarding the defendant's knowledge in order to support a conviction under the Controlled Substance Act, 21 U.S.C. § 841(a)(1), when the controlled substance at issue is an analogue. *Id.* at 2302. Section 841(a)(1), provides that it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," *McFadden*, 135 S.Ct. at 2303 (quoting 21 U.S.C. § 841(a)(1)). The Supreme Court held, in pertinent part, that "[t]he ordinary meaning of § 841(a)(1) . . . requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules. The Courts of Appeals have recognized as much." *McFadden*, 135 S.Ct. at 2304 (citing *United States v. Andino,* 627 F.3d 41, 45–46 (2d Cir. 2010); *United States v. Gamez–Gonzalez,* 319 F.3d 695, 699 (5th Cir. 2003); *United States v. Martinez,* 301 F.3d 860, 865 (7th Cir. 2002)). In other words, "the Government [must] prove that a defendant knew he was dealing with a 'controlled substance.'" *McFadden*, 135 S.Ct. at 2305. The Court went on to explain that because the Controlled Substance Analogue Enforcement Act instructs courts to treat controlled substance analogues "as . . . controlled substance[s] in schedule I," 21 U.S.C. § 813, "it follows that the Government must prove that a defendant knew that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue." *McFadden*, 135 S.Ct. at 2305.

Here, *McFadden* is not directly on-point because Thomas's offenses did not involve controlled substance analogues. Nevertheless, the portions of *McFadden* interpreting the knowledge requirement for a conviction under 21 U.S.C. § 841(a)(1) are applicable. According to Thomas, *McFadden* "effectively overruled" the Seventh Circuit's precedent regarding convictions under Section 841(a)(1), and the Government is now required to prove, beyond a reasonable doubt, that Thomas knew the exact nature and quantity of the controlled substance involved in his offenses (Doc. 1-1). Thomas is incorrect. As alluded to in the previous paragraph, *McFadden* actually endorsed, rather than overruled, the Seventh Circuit's precedent. *See McFadden*, 135 S.Ct. at 2304 (approving of the circuit courts' approach in "requir[ing] a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules." (citing in part to *United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002))). And the Seventh Circuit's precedent unequivocally holds that "drug type and quantity are not elements" of an offense under Section 841. *Martinez*, 301 F.3d at 865.

> Generally, when reading a statute, we can presume that its principal paragraph defines a single crime and its subsections identify sentencing factors. Accordingly, we have repeatedly held that § 841's elements are contained in subsection (a); subsection (b) contains the considerations which determine the maximum and minimum sentence. Therefore, while it is clear that knowledge is an element of § 841, all that its principal paragraph, § 841(a), requires is that a defendant knowingly possess a controlled substance. Drug type is not specified and therefore is not an element of § 841(a). Furthermore, all that § 841(b) requires is that the offense involve certain types and quantities, not that the defendant *know* the type and quantity. Accordingly, a defendant may be convicted under § 841(a)(1) even if he does not know the type or quantity of the controlled substance.

*Id.* (internal citations and quotations marks omitted).

In sum, *McFadden* does not provide any legal support for Thomas's argument that the

jury was improperly instructed regarding the elements of the conspiracy offense (Count 1) and the possession with intent to distribute offense (Count 2). The instructions that were given to the jury comport with the Seventh Circuit case law and largely mirror the current version of the Seventh Circuit's pattern jury instructions. *See* SDIL Case No. 3:08-cr-30055, Doc. 206, pp. 8, 10, 11. *See also* Seventh Circuit Pattern Criminal Jury Instructions 5.08(b), "21 U.S.C. § 841(a)(1) Possession With Intent to Distribute—Elements" (2012 Ed.); *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013) ("To sustain a [conspiracy] conviction, a defendant need not have known the specific drug type or quantity as long as he was aware that a controlled substance was involved." (citing *United States v. Gougis,* 432 F.3d 735, 745 (7th Cir. 2005))); *United States v. Seymour*, 519 F.3d 700, 710 (7th Cir. 2008) ("[A] jury need not make a defendant-specific drug quantity determination for a conspiracy charge."); *United States v. Barlow*, 310 F.3d 1007, 1012 (7th Cir. 2002) (stating "actual knowledge of the identity of a drug is not an element of 21 U.S.C. § 841(a)" for possession with intent to distribute a controlled substance, and approving jury instruction "that the government had to prove only that [defendant] knew that he was carrying some kind of prohibited drug, not that he knew specifically that he was carrying cocaine base.") Therefore, Thomas has no basis for asserting his appellate attorney was ineffective for failing to raise an argument regarding the jury instructions that explained the elements of the charged offenses.

As a final matter, the Court notes that Thomas requested an evidentiary hearing on his Section 2255 motion (Doc. 8). The Court finds that a hearing is not required, however, because "the motion, files, and records of the case conclusively show that [Thomas] is entitled to no relief" for the reasons just explained. *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (*citing Torzala v. United States,* 545 F.3d 517, 525 (7th Cir. 2008)). Courts

can often decide Section 2255 motions without an evidentiary hearing. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) ("A district court need not grant an evidentiary hearing in all § 2255 cases.")

Thomas's motion is denied as untimely and without merit.

### CERTIFICATE OF APPEALABILITY

Should Thomas desire to appeal this Court's ruling dismissing his motion, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Section 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thomas need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 338 (2003). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)–(3).

For the reasons detailed above, the Court has determined that Thomas has not stated any grounds for relief under Section 2255, and reasonable jurists could not debate that conclusion. Thus, Thomas has not made "a substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

## CONCLUSION

Kenneth Thomas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Motion Requesting Evidentiary Hearing Determination in 28 U.S.C. 2255 Proceeding (Doc. 12) is **DENIED.** The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 14, 2018**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL
United States District Judge**